IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMAAL M. DORCH, )
 )
         Plaintiff, )
 )
v. ) Case No. 19-2458-CM
 )
MAGNA AUTOMOTIVE SYSTEMS, )
 )
         Defendant. )

## ORDER

The pro se plaintiff, Jamaal M. Dorch, filed this employment discrimination action under 42 U.S.C. § 2000(e), against his former employer, Magna Automotive Systems.[1] Plaintiff has filed a motion seeking to commence and proceed with this case without prepayment of fees pursuant to 28 U.S.C. § 1915 (ECF No. 3), in addition to a motion for appointment of counsel (ECF No. 4). For the reasons discussed below, the court requires supplementation of the documents for the motion to proceed without prepayment. The court denies plaintiff's motion for appointment of counsel. Further, under the screening requirement of § 1915, by **August 26, 2019,** plaintiff must show cause in writing to the presiding U.S. District Judge, Carlos Murguia, why this case should not be dismissed, with prejudice, for lack of jurisdiction.

---

[1] ECF No. 1.

Motion to Proceed In Forma Pauperis

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." However, "[p]roceeding in forma pauperis in a civil case is a privilege, not a right─fundamental or otherwise."[2] In considering a request to proceed in forma pauperis, the court will compare an applicant's monthly income and cash on hand to his monthly expenses and financial obligations.[3] The decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court.[4]

Plaintiff's application is insufficient. While plaintiff provides his personal data and his monthly expenses, he fails to include any employment information or monthly income. Because plaintiff has filed an employment discrimination action, it stands to reason there is at least one employer that should be listed in his financial affidavit. Additionally, plaintiff has listed monthly expenses exceeding $3,800, yet he asserts he has no cash on hand and has not provided any sources of income in the affidavit. Based on this incomplete information, the court is unable to make an informed decision about whether the waiver of court fees and costs is justified. Plaintiff is therefore ordered to file a supplemental

---

[2] *Green v. Suthers*, 208 F.3d 226, at *2 (10th Cir. 2000) (quoting *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[3] *See Heady v. Wendy's/Arby's Group, Inc.*, No. 11-1151, 2011 WL 3889247, at *1 (D. Kan. Sept. 2, 2011) (citing cases).

[4] *Azzun v. Kan. Dep't of Health and Env't*, No. 09-4144, 2009 WL 5171778, at *2 (D. Kan. 2009) (citing *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999)).

application by **August 26, 2019**. The supplemental application should provide all requested information, specifically the requested employment information and how plaintiff pays his monthly expenses. Following receipt of the supplemental application, the court will consider plaintiff's IFP application.

Appointment of Counsel

In civil actions such as this one, there is no constitutional right to appointed counsel.[5] However, "under 28 U.S.C. § 1915(e)(1), a district court has discretion to request counsel to represent an indigent party in a civil case."[6] The decision to appoint counsel lies solely in the court's discretion, which should be based on a determination that the circumstances are such that a denial of counsel would be fundamentally unfair.[7] "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[8] The court also considers the efforts made by the litigant to retain his own counsel.[9]

---

[5] *Swafford v. Asture*, No. 12-1417-SAC, 2012 WL 5512038, at *1 (D. Kan. Nov. 14, 2012) (citing *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995) and *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989)).

[6] *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x. 707, 712 (10th Cir. 2008) (upholding denial of defendant's motions for counsel).

[7] *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991).

[8] *Id*.

[9] *Lister v. City of Wichita, Kan.*, 666 F. App'x 709, 713 (10th Cir. 2016) (quoting *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992)); *Tilmon v. Polo Ralph Lauren Factory Store*, No. 17-2383-JAR, 2017 WL 3503678, at *1 (D. Kan. July 6, 2017).

3

The court does not find it appropriate to appoint counsel for plaintiff. While it appears from plaintiff's motion that he has been diligent in his efforts to find an attorney to represent him, other factors weigh against appointing counsel. A review of the papers prepared and filed by plaintiff indicates he is capable of presenting his case without the aid of counsel, particularly given the liberal standards governing pro se litigants. The factual and legal issues in the case are not extraordinarily complex. Plaintiff alleges his employer retaliated against him by falsifying a drug test violation. The court has no doubt that the district court judge who is assigned to this case will have little trouble discerning the applicable law. It does not appear that this case presents any atypical or complex legal issues. Finally, based on the limited factual allegations and claims presented in the complaint, the court is unable to determine whether plaintiff's claims are particularly meritorious.

In the end, the court concludes that this is not a case in which justice requires the appointment of counsel. If plaintiff devotes sufficient efforts to presenting his case, the court is certain he can do so adequately without the aid of counsel. Plaintiff's request for appointment of counsel is therefore denied.

Screening Under 28 U.S.C. § 1915(e)(2)

When a party is granted leave to proceed *in forma pauperis*, § 1915(e)(2) requires the court to screen the party's complaint. Section 1915(e)(2) requires a court to dismiss a case in which in forma pauperis status has been granted if at any time the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

4

Although § 1915 contains no express authorization to do so, a district court may dismiss under § 1915 for lack of personal jurisdiction and for improper venue, even though such defenses can be waived under Fed. R. Civ. P. 12(h)(1) if not properly raised.[10] A court may only consider personal jurisdiction and venue sua sponte, or on the court's own motion, "when the defense is obvious from the face of the complaint and no further factual record is required to be developed."[11] "[T]he district court may dismiss under § 1915 only if 'it is clear that the plaintiff can allege no set of facts' to support personal jurisdiction or venue."[12]

A court must have personal jurisdiction over all defendants in order to hear and decide a case. Under the Due Process Clause, the court has personal jurisdiction over a nonresident defendant so long as the defendant purposefully established "minimum contacts" with the forum state.[13] The court looks at whether a defendant has either "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities."[14] Alternatively, the court may have jurisdiction "if the defendant's contacts with the forum state, while unrelated to the

---

[10] *Trujillo v. Williams*, 465 F.3d 1210, 1216-17 (10th Cir. 2006).

[11] *Id.* at 1217 (quoting *Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir. 1995)).

[12] *Id.* (quoting *Sanders v. United States*, 760 F.2d 869, 871 (8th Cir. 1985)).

[13] *US Bioservices Corp. v. Lugo*, No. 08-2342-JWL, 2008 WL 4747473, at *1 (D. Kan. Oct. 23, 2008) (citing *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000)).

[14] *Id.*

5

alleged activities upon which the claims are based, are nonetheless 'continuous and systematic.'"[15]

Plaintiff alleges that the court has federal question jurisdiction in this case. But it does not appear from the complaint that defendant is a resident of Kansas or that defendant took any action in Kansas, related to plaintiff's claimed injuries or otherwise. Plaintiff appears to be a resident of Missouri, the address associated with defendant is in Missouri, and the allegations in plaintiff's complaint appear to have occurred in Missouri. Based on the factual record, this court may not have jurisdiction to hear this case. Plaintiff shall therefore show cause why this case should not be dismissed for lack of personal jurisdiction.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion requesting that the presiding U.S. district judge review this order. A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

IT IS SO ORDERED.

August 12, 2019, at Kansas City, Kansas.

                                         s/ James P. O'Hara
                                         James P. O'Hara
                                         U. S. Magistrate Judge

---

[15] *Id.*