IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMAAL M. DORCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-2458-CM |
| | ) |
| MAGNA AUTOMOTIVE SYSTEMS, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS and
REPORT AND RECOMMENDATION**

The pro se plaintiff, Jamaal M. Dorch, filed this employment discrimination action under 42 U.S.C. § 2000(e), against his former employer, Magna Automotive Systems.[1] Simultaneously, he filed a motion to proceed with this action *in forma pauperis.*[2] As discussed below, the undersigned U.S. Magistrate Judge, James P. O'Hara, grants the motion for leave to proceed *in forma pauperis* and recommends that the action be transferred to the Western District of Missouri.

I.  Motion to Proceed In Forma Pauperis

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a

---

[1] ECF No. 1.

[2] ECF No. 3.
-1-
O:\ORDERS\19-2458-CM-3.DOCX

person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."[3] To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees.[4] The decision to grant or deny *in-forma-pauperis* status under § 1915 lies within the "wide discretion" of the trial court.[5]

After reviewing plaintiff's financial affidavit, the court ordered him to file a supplement regarding his employment and ability to pay monthly expenses.[6] On August 26, 2019, plaintiff filed a response to the order to show cause, explaining that his bills exceed his income and he is currently "pretty much playing catch up" on his bills.[7] Plaintiff also referenced his new job and included as an exhibit an offer letter dated August 9, 2019.[8]

The court finds that plaintiff has adequately supplemented his financial information with the requested information. Plaintiff has shown a financial inability to pay the required filing fee. The court therefore grants him leave to proceed without prepayment of the filing fee pursuant to § 1915(a)(1).

---

[3] 28 U.S.C. § 1915(a)(1).

[4] *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *United States v Garcia*, 164 Fed. App'x 785, 786 n.1 (10th Cir. Jan. 26, 2006).

[5] *Garcia*, 164 Fed. App'x at 786 n.1. *See also Lister*, 408 F.3d at 1312 ("[W]e review the district court's denial of IFP status for an abuse of discretion.").

[6] ECF No. 5.

[7] ECF No. 7.

[8] *Id.*

II.     Motion to Transfer Venue

When a party is granted leave to proceed *in forma pauperis*, § 1915(e)(2) requires the court to screen the party's complaint.  The court previously raised the question of whether it has personal jurisdiction in this case and ordered plaintiff to show cause why this case should not be dismissed for lack of personal jurisdiction.  28 U.S.C. § 1391(b) provides that a civil action may be brought in a judicial district where any defendant resides or a district where a substantial part of the events giving rise to the claim occurred.  Based on a review of the complaint, the District of Kansas is not a proper venue for this action.  Plaintiff lives in Raytown, Missouri, and defendant appears to be located in Liberty, Missouri.[9]  All of the allegations in plaintiff's complaint appear to have occurred in Missouri.  Plaintiff's response essentially concedes these facts and confirms there is no factual connection to Kansas in this case.  He asserts that he was unfamiliar with the jurisdiction of this court and moves to change venue to Missouri.[10]

28 U.S.C. § 1406(a) provides that "a district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  The court has discretion to make a decision to transfer an action or dismiss it without

---

[9] *See* ECF No. 1-2, although defendant has not yet been served.

[10] *Id.*

prejudice.[11]  Here, plaintiff states facts sufficient to support venue in the Western District of Missouri.  As such, in the interest in justice, the undersigned recommends transfer to that district rather than recommending dismissal.

IT IS THEREFORE RECOMMENDED that the presiding U.S. District Judge, Carlos Murguia, transfer this action to the Western District of Missouri.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation.  Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If no objections are timely filed, no appellate review will be allowed by any court.

IT IS SO ORDERED.

Dated September 4, 2019, at Kansas City, Kansas.

     s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[11] *Transp. Funding, LLC v. HVH Transportation, Inc.*, No. 2:17-CV-2106-JAR-GLR, 2017 WL 4223126, at *5 (D. Kan. Sept. 22, 2017) (citing *Trujillo v. Williams,* 465 F.3d 1210, 1223 (10th Cir. 2006)).